UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-20221-CR-MARTINEZ

UNITED STATES OF AMERICA,

v.

ISAAC ALVAREZ,

    Defendant.
_____/

**ORDER ON NOTICE OF INTENT TO USE RULE 404(b) EVIDENCE**

**THIS CAUSE** came before the Court on the Government's Notice of Intent to Use Evidence Under Federal Rule of Evidence 404(b) (the "Notice").  (ECF No. 44).

The Notice informs the Court that, at the trial scheduled in this case, the Government intends to introduce into evidence (1) Defendant's certified conviction records from a 2011 Florida state case where Defendant pled guilty to one felony count of Firearm/Weapon/Ammunition Possession by a Convicted Felon or Delinquent, in violation of sections 790.23(1) and 775.087, Florida Statutes ("2011 Conviction"); and (2) recordings and transcripts of five phone calls in which Defendant allegedly made incriminating statements.  (*Id.* at 3).

Defendant opposes the Government's use of this evidence, arguing that it was untimely noticed under Rule 404(b).  (Resp. at 1–2).  Further, Defendant argues that the 2011 Conviction is too remote, improper propensity evidence, and is unnecessary to prove the Government's case.  (*Id.* at 2–7).  With respect to the jail calls, Defendant argues that they should be excluded because what is being said on the calls is unclear, the calls are confusing and inflammatory, some of the

1

calls could lead to improper propensity inferences, and the Government does not need the calls to prove its case. (*Id.* at 8–11).

Under Federal Rule of Evidence 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at (b)(2). If the Government intends to use 404(b) evidence, "it must provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it." *Id.* at (b)(3)(A). The Government must "do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice." *Id.* at (b)(3)(C).

The Eleventh Circuit dictates that "evidence of prior acts may be admitted so long as (1) it is submitted as something other than propensity evidence (such as proving one of the 404(b) exceptions [motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident]), (2) there is sufficient proof for the jury to determine that the defendant committed the prior act, and (3) the evidence does not fail the Rule 403 balancing test." *United States v. Larios-Trujillo*, 403 F. App'x 442, 444 (11th Cir. 2010). Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Although Defendant's 2011 Conviction is over ten years old, it is very similar to Count II charged here and is relevant to issues of intent, knowledge, and lack of mistake. The Court finds that the 2011 Conviction is not too remote to be probative of these issues. The Government's

introduction of certified copies of the 2011 Conviction at trial will satisfy the Rule 404(b) requirement that the act be established by sufficient proof to permit a jury finding that Defendant committed the extrinsic act. *See United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003). Furthermore, the Court does not find that the Government's notice was untimely. On February 28, 2023, this case was set for a Change of Plea Hearing after Defendant indicated that he wanted to change his plea of not guilty. At the hearing, however, Defendant decided not to change his plea. (*See* ECF No. 29). Less than two weeks later, the Government submitted its Notice. To the extent there was any delay, it was due to Defendant's own representations that this case would not require a trial. Accordingly, because notice was timely, Defendant contests issues of intent and knowledge, the 2011 Conviction is very similar to Count II charged here, and the 2011 Conviction is not too remote, the Court determines that the overall probative value of the conviction outweighs its prejudicial effect.

In response to the Government's Notice, Defendant mentions that the Government intends to introduce six additional prior convictions to prove Defendant's status as a convicted felon if Defendant does not stipulate to his prior convictions. (Resp. at 6). At this point, without further information or argument from the parties, the Court is unable to rule on this issue. The Court will address this issue when raised by the parties *outside the presence of the jury*.

Finally, the Court addresses the jail calls. The parties have not filed or otherwise submitted these calls, or the transcripts, to the Court for review. Without knowing the content of the calls, the Court cannot decide whether to admit them, and will not base its decision on the argument from the parties. Again, the Court will address this issue when raised by the parties *outside the presence of the jury*.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Government will be permitted to introduce at trial Defendant's 2011 Conviction as stated herein. The parties shall raise the remaining issues with the Court *outside the presence of the jury*.

**DONE AND ORDERED** in Chambers at Miami, Florida, 12th day of March, 2023.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Magistrate Judge Becerra
All counsel of record